# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LUCIANO PEREZ,

    Plaintiff,

v.                                    Case No. 15-14011

HEIDI WASHINGTON, AND
MICHAEL EAGAN

    Defendants.

_____/

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Luciano Perez, a Michigan Prisoner currently residing at the G. Robert Cotton Correctional Facility, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint names Heidi Washington, Director of the Michigan Department of Corrections, and Michael E. Eagan, Chairperson of the Michigan Parole Board, as the Defendants. Plaintiff's complaint asserts that while he was housed at the Brooks Correctional Facility, located in Muskegon, Michigan, he was denied parole despite a 5-to-5 vote. He alleges that another prisoner, presumably facing a similar situation, had his parole process redone. Plaintiff seeks damages and injunctive relief. For the reasons stated below, the court will transfer this matter to the Western District of Michigan for further proceedings.

The Defendants named in the complaint are the Director of the Michigan Department of Corrections and the Chairperson of the Michigan Parole Board, both of whom reside in Lansing, Michigan, located in the Western District of Michigan. Plaintiff alleges he was denied parole when he was housed in the Brooks Correctional Facility in Muskegon,

Michigan, also located in the Western District of Michigan. The proper venue for civil actions is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." *See Weatherford v. Gluch*, 708 F. Supp. 818, 819 (E.D. Mich. 1988) (quoting 28 U.S.C. § 1404(a)). Venue of a lawsuit may be transferred sua sponte for the convenience of parties or witnesses. *See Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan, where the events or omissions giving rise to Plaintiff's claims occurred and all Defendants reside. This court lacks venue for the § 1983 claims against these Defendants. *See Mihalek Corp. v. State of Mich.*, 595 F. Supp. 903, 906 (E.D. Mich. 1984).

Accordingly, IT IS ORDERED that the Clerk of the Court transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: January 31, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2016, by electronic and/or ordinary mail.

                                                 s/Lisa Wagner
                                                 Case Manager and Deputy Clerk
                                                 (313) 234-5522